UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

CARTIER, et al.,

                Plaintiff,

                                      ORDER
    - against -
                                      CV 2007-0201 (DLI)(MDG)

GENEVE COLLECTIONS, INC., et ano,

                Defendant.

- - - - - - - - - - - - - - - - - -X

    This order addresses the letter application dated January 23, 2008 of Tal Benmschar, counsel for plaintiff, seeking leave to serve subpoenas on the two defaulting defendants by certified mail. Ct. doc. 18.

    As a preliminary matter, this Court notes notwithstanding the fact both defendants had previously been personally served with the complaint, they should now be treated as non-parties with respect to any discovery sought from them. See Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360, 361 (E.D. Wis. 2004). Plaintiff thus must comply with Rule 45 of the Federal Rules of Civil Procedure in conducting discovery against the defaulting defendants. Id.; see also Hawkins v. AMA Mgmt., Ltd., No. C06-847P (MJP), 2007 WL 969955 (W.D. Wash. Mar. 20, 2007).

    Rule 45(b)(1)(2) requires that service of a subpoena "be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance..." This Court agrees with the

reasoning of a growing number of courts that have held that "delivery" under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service. See, e.g., Ultradent Products, Inc. v. Hayman, No. M8-85 (RPP), 2002 WL 31119425, at *3-*4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena on third party witness by certified mail was sufficient to satisfy Rule 45); Cordius Trust v. Kummerfeld, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000) (same); First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient to satisfy Rule 45 requirements). However, these courts sanctioned alternatives means of service only after the plaintiff had diligently to attempted to effectuate personal service and presented proof that sufficient notice would be. Id.

Plaintiffs claim that they attempted to serve the defendants "several times ... but they are avoiding service." Ct. doc. 18. However, they have not presented any facts to support their contention. Nor is there any evidence to satisfy this Court that defendants are likely to receive copies of the subpoenas at the addresses to which they are mailed.

CONCLUSION

For the foregoing reasons, plaintiffs' application is denied without prejudice.

Since plaintiffs apparently have not obtained discovery needed, the deadline for damages discovery is extended to April 28, 2008. The next telephone conference is adjourned to April 29, 2008 at 2:00 p.m.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 27, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE