UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

CARTIER, et al.,

                Plaintiff,

      - against -

GENEVE COLLECTIONS, INC., et ano,

                Defendant.

ORDER

CV 2007-0201 (DLI)(MDG)

- - - - - - - - - - - - - - - - - - -X

    Plaintiffs move for reconsideration of this Court's February 27, 2008 order (ct. doc. 19) (the "February 27 Order") denying their motion for leave to serve subpoenas on the two defaulting defendants by certified mail. Ct. doc. 20.

    Local Civil Rule 6.3 of this Court provides that a motion for reconsideration shall be accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3 is to be "narrowly construed" and "strictly applied" so as to avoid repetitive arguments on issues that have been considered fully by the court. In re Nasdaq Market Makers Antitrust Litig., 184 F.R.D. 506, 510 (S.D.N.Y. 1999). Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trans. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiffs have not pointed to matters or controlling decisions that were overlooked in denying their request to serve subpoenas on the defaulting defendants by certified mail. Instead, plaintiffs argue that a defaulting defendant should be treated as any other party based on the language of Rules 5 and 55 of the Federal Rules of Civil Procedure. On the contrary, for discovery purposes, courts have consistently held that a defaulting defendant should be treated as a non-party. See Hawkins v. AMA Mgmt., Ltd., No. C06-847P, 2007 WL 869955, at *2 (W.D. Wash. March 20, 2007); Western Metal Industry Pension Trust v. Ruthford's Auto Rebuild, Ltd., No. C06-525P, 2006 U.S. Dist. LEXIS 74274, at *2-*4 (W.D. Wash. Oct. 12, 2006); Hill Design, Inc. v. Hodgdon, No. 03-CV-074-SM, 2006 WL 1134918, at *1 (D.N.H. Apr. 26, 2006); Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360, 361 (E.D. Wisc. 2004). In fact, plaintiffs do not dispute that a subpoena is required to obtain the information sought from defendants, rather than the discovery devices applicable to parties, i.e., a notice of deposition under Rule 30 and a request for the production of documents under Rule 34.

Nevertheless, as I stated in the February 27 Order, "delivery" of a subpoena under Rule 45 may be effected by means other than personal service that are reasonably designed to ensure actual receipt, including the methods for service of a summons and complaint, particularly where diligent attempts to effectuate personal service have been unsuccessful. See GMA

Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219, 2007 WL 4456009, at *1 (S.D.N.Y. Dec. 11, 2007); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 & n.1 (E.D.N.Y. 1997); see also Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308.

CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
April 29, 2008

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE